J-S38036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| OMAR POWELL | : | |
| | : | |
| Appellant | : | No. 97 EDA 2022 |

Appeal from the PCRA Order Entered December 2, 2021,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0002378-2006.

BEFORE: KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 28, 2022**

Omar Powell appeals *pro se* from the order denying his untimely-filed sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On March 29, 2007, a jury convicted Powell of first-degree murder and the trial court sentenced him to life imprisonment. Powell appealed to this Court. On July 14, 2008, this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on November 13, 2008. ***Commonwealth v. Powell***, 959 A.2d 971 (Pa. Super. 2008) (non-precedential decision), *appeal denied*, 961 A.2d 859 (Pa. 2008).

Over the next fourteen years, Powell filed five PCRA petitions. This Court has repeatedly denied him for post-conviction relief.

On May 11, 2021, Powell filed the PCRA petition at issue, his sixth. He filed a supplemental petition on June 29, 2021. On September 8, 2021, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss without a hearing. Powell filed a response. By order entered December 2, 2021, the PCRA court dismissed Powell's sixth petition. The PCRA court described the subsequent procedural history as follows:

> [Powell] also made various unsuccessful attempts to obtain transcripts which were already transcribed and provided to him. [Powell] filed a notice of appeal pertaining to the denial of is PCRA petition on December 22, 2021. He was ordered to file a [Pa.R.A.P. 1925(b)] concise statement of the errors complained of on appeal (hereinafter Concise Statement) on January 13, 2022. On January 18, 2022, [Powell] filed three (3) additional appeals, two (2) relating to the denial of his request for transcripts, and a duplicative appeal of the denial of his PCRA petition. He ultimately filed a Concise Statement addressing issues from all four (4) appeals on February 7, 2022.

PCRA Court Opinion, 3/4/22, at 4-5 (footnotes and excess capitalization omitted).[1] The PCRA court filed its Rule 1925(a) opinion on March 4, 2022.

Although Powell raises eight issues on appeal, we must first consider the PCRA court's conclusion that Powell's sixth PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-

---

[1] This Court subsequently dismissed the three appeals involving the request for transcripts for failure to file a brief. Although Powell identifies previous orders along with the correct final order in his notice of appeal, we will not quash the appeal on this basis. *See generally*, *Commonwealth v. C.M.K.*, 932 A.2d 111 (Pa. Super. 2007); Pa.R.A.P. 341, Note.

conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Powell's judgment of sentence became final on February 11, 2009, ninety days after our Supreme Court denied his petition for allowance of

appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Powell had until February 11, 2010, to file a timely petition. Because Powell filed his sixth PCRA petition in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Powell has failed to plead and prove a time-bar exception. Within his brief, Powell asserts that he could establish the newly discovered fact exception. As this Court has previously summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, Powell contends that he has recently discovered that Dimitris Smith, a witness who testified for the Commonwealth at his 2007 trial, "had an undisclosed agreement/understanding set in place with the United States Attorney's Office for the Middle District of Pennsylvania in exchange for his testimony" against him. Powell's Brief at 13. According to Powell, this new

evidence was unknown to him until July 29, 2020, "due to the fact that he was granted "Permissive Intervention" by the United States District Court for the Middle District of Pennsylvania, thirteen (13) years after the evidence was secretly filed under Seal." *Id.* at 15.

The PCRA court concluded that Powell could not establish the newly discovered fact exception because he could not establish due diligence:

> [Powell] has failed to satisfy the requirements of this time-bar exception. [Powell's] premise is that the prosecution concealed an anticipated sentence reduction in federal court to Dimitris Smith, a supporting witness at [Powell's] trial. A review of Dimitris Smith's testimony at trial discloses that the prosecution did nothing to conceal Mr. Smith's warts [sic]. He testified to his current and past history of convictions for drugs and weapon offenses, and his history of cooperation with federal authorities. More importantly, he revealed that he still had a substantial sentence to serve before his release. He readily admitted that he was testifying because he was "looking forward to something." More specifically, when asked why he was testifying, he responded, "I'm looking forward to another time reduction."

> Everyone in the courtroom, including [Powell], was aware that [Mr. Smith's] testimony was tied to a potential sentence reduction. The only unknown piece of information was that his sentence would be reduced from 140 months to 96 months [of] imprisonment. The authority to do so was subject to the discretion of the federal authorities.

> [Powell], even with knowledge that Smith was seeking a sentence reduction, waited until 2019 to secure any documentation from the federal courts. He was required to exercise due diligence in securing the documents from the United States District Court for the Middle District of Pennsylvania. Waiting until September 16, 2019, to seek those documents is not an example of due diligence. The receipt of those documents at this late date, or even earlier, entitles [Powell] to no relief.

***

The failure to investigate an obvious, available source of information precludes claiming later that it constitutes newly discovered evidence.

PCRA Court Opinion, 3/4/22, at 7-9 (footnotes and citations omitted).

Our review of the record supports the PCRA court's conclusions. Powell asserts that because he had been repeatedly denied his trial transcripts, he had to rely on his memory of his 2007 trial to argue that his sixth petition is timely. Powell's Brief at 7. Nevertheless, the trial transcripts appear in the certified record, and our review of them supports the PCRA court's conclusion that Smith acknowledged he expected a sentence reduction in return for his testimony at Powell's trial.

Moreover, our review of the trial transcript also supports the PCRA court's conclusion that "Smith, who admitted many misdeeds on direct examination, was extensively vilified by defense counsel, and readily admitted that he expected a sentence reduction." *Id.* at 9.

In his opening remarks to the jury, defense counsel referred specifically to Smith as the Commonwealth's "star witness" and the fact that Smith was seeking a further reduction of his federal sentence in return for his testimony:

> The Commonwealth's - - what we've termed the Commonwealth's rat parade - - includes at least [Smith.] [To] understand where [the Commonwealth's evidence] comes from, you should learn a couple of things about [Smith]. First of all, he's a criminal. Second of all - - this is great - - his nickname, his street name is Murder. I think you'll hear [Powell's] street name is "O". But [Smith] is also someone who has lied over and over again about his

own criminal involvement, about the criminal involvement of Mr. Reggie Tyson and about [Powell].

The letter that the Commonwealth talks about - - and here's, in a nutshell, what happens in the federal system, when these guys were going through the federal system, there were guidelines that called for a set period of time in jail. And the judge could depart from that set period of time in jail if the government filed a motion called a 5K.1. Now, the name isn't important. It just refers to the section of the federal sentencing guidelines.

Section 5K.1 says to the government, government if you're happy with how much work the defendant has done, you file a motion that tells the judge, judge you can give him a lower sentence than he would otherwise get. So, in order to avoid a lengthy prison sentence in the federal court, defendants can cooperate with the federal government, obtain a 5K.1 motion and save themselves some time in jail.

Now the hard part about that is in a 5K.1 motion, it's only the government that can file that. So the government must be satisfied with the defendant's cooperation. The defendant tells the government everything he knows, and if the government's not happy, no 5K.1 reduction in your sentence. If the government's happy, file a 5K.1, reduction in your sentence. What it creates, I submit to you, is a strong incentive for someone like [Smith] to gain the government's agreement to file that motion.

So when [Smith] tells one story, and that's not enough, he tells another story. He testified in a trial in another jurisdiction and received a break on his sentence. I guess you will learn that that reduction in sentence can take place even after you're sentenced. So if you get your sentence, and you don't like it, you can go do more, which is what Demetrius Smith did. He got 30 months knocked [off] his sentence for testifying in another trial.

Apparently, that wasn't enough for [Smith], A/K/A Murder, and he's here to testify some more. I don't know if you will hear that 30 months is the going rate. I don't know what you'll hear in that regard, but you will learn that's what he got the last time around. So when I use the phrase "jailhouse snitches whose testimony is bought and paid for," I don't mean financially. I mean in time. I mean in the

currency that matters to a federal inmate: Years, months in prison.

N.T., 3/19/07, at 30-32.

Finally, when called to testify by the Commonwealth, Smith acknowledged the prior reduction he received in his federal sentence in return for his testimony, and the Commonwealth introduced the prior 5K.1 motions as trial exhibits and published them to the jury. As noted above by the PCRA court, although he was not promised anything he was looking forward to a further sentence reduction. *See* N.T., 3/20/07, at 166. On cross-examination, Powell's trial counsel, went over the extent of Smith's past criminal history, while also noting the inconsistencies in his various statements implicating Powell.

In sum, Powell's memory of his trial is incorrect; Smith's cooperation in order to seek a further reduction of his federal sentence was essentially the cornerstone of Powell's defense strategy. Thus, Powell knew the facts upon which he bases his newly-discovered evidence claim at the time of his 2007 trial. Even if this was not so, we agree with the PCRA court's conclusion that Powell cannot establish that he acted with due diligence by waiting until 2019 to discover Smith's actual sentence reduction. Thus, the PCRA court correctly determined that it lacked jurisdiction over Powell's 2021 PCRA petition. ***Derrickson***, ***supra***. Because we also lack jurisdiction to consider Powell's seven substantive issues, ***see id.***, we affirm the PCRA court's order denying Powell post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/28/2022</u>